# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DERRICK HARRIS**                                                                      **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO. 4:06cv049-LRA**

**STEPHEN R. WALLEY AND THE**
**WAYNE COUNTY BOARD OF SUPERVISORS**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Derrick Harris [hereinafter "Plaintiff"], *pro se,* and William Arthur Whitehead, Jr., counsel for Stephen R. Walley and the Wayne County Board of Supervisors [hereinafter "Defendants"], appeared before the undersigned United States Magistrate Judge on the 22th day of October, 2008, for an omnibus hearing. This hearing was scheduled to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation and to determine whether or not Plaintiff's claims were supported by a factual or legal basis pursuant to 28 U.S.C. § 1915, as amended. On December 10, 2008, Defendants filed a Motion for Summary Judgment, document number 39, which is now before the Court. Derrick Harris [hereinafter "Plaintiff"] filed no response to the motion, but the Court shall consider his sworn testimony in the omnibus hearing as responsive.

Jurisdiction of this case is based upon 42 U.S.C. § 1983, and it was assigned to the undersigned United States Magistrate Judge for all purposes pursuant to the consent of the parties by Order [docket entry number 37] entered by District Judge Tom S. Lee on October 27, 2008.

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).

The Court, having carefully reviewed the complaint, the sworn testimony of Plaintiff, the Motion for Summary Judgment and its accompanying memorandum and exhibits, as well as the applicable law, and finds that the claims of Plaintiff are insufficient in law to state a cause of action under §1983. Further, there is no genuine issue as to any material fact, and Defendants are entitled to a judgment as a matter of law. Accordingly, Plaintiff's complaint will be dismissed for the reasons set forth below.

Defendants have attached to the motion as "Exhibit B" a copy of the transcript from the omnibus hearing. The complaint and testimony confirm that Plaintiff was incarcerated as a pretrial detainee in the custody of the Wayne County Detention Center in June, 2002. According to Plaintiff's complaint, as augmented by his sworn testimony, he was taken to a dentist, Dr. Joseph D. Stringer, on June 25, 2002, upon

complaining of pains associated with his teeth. Dr. Stringer prescribed medication for pain and infection and recommended that he undergo oral surgery to remove two of his teeth. *See* Motion to Amend Complaint, document 10, page 2, and attached Exhibit A. According to Plaintiff, Defendants "wanted a second opinion," so Plaintiff was scheduled for another dental consultation. It was conducted on October 28, 2002, by Dr. E.W. Strickland. Again, according to Plaintiff, Dr. Strickland prescribed pain medication and recommended that he be seen by an oral surgeon. Dr. Strickland saw the Plaintiff again on January 8, 2003, on April 7, 2003, and for the last time in June of 2004. He prescribed pain medications at these appointments and recommended tooth extraction.

Plaintiff asserts that he was again referred to Dr. Stringer on May 13, 2003. At that time, x-rays were taken and Dr. Stringer recommended that he have five teeth extracted by oral surgery. According to Plaintiff, both Dr. Strickland and Dr. Stringer agreed that oral surgery was the best course of action to resolve Plaintiff's dental problems. Plaintiff was referred to an oral surgeon, and his teeth were properly extracted on July 2, 2003. Plaintiff testified that he has no permanent injuries due to his medical care.

Plaintiff charges that Defendant Walley and Defendant Wayne County Board of Supervisors violated his constitutional rights by not getting him the oral surgery that he needed when it was first recommended in June, 2002. Plaintiff asserts that he should have been scheduled to receive oral surgery after his visit on June 25, 2002, over one year prior to the date of his actual surgery. He further contends that the failure to do so was a violation of his Eighth Amendment rights and tantamount to cruel and unusual

punishment; he asserts that Defendants showed deliberate indifference to the Plaintiff's constant pain and need for oral surgery.

Plaintiff was provided conservative medical treatment through examinations and through the administering of medication for pain management and infection relief. Plaintiff does not charge that Defendants Mr. Walley or the Wayne County Board of Supervisors had any specific malevolent motive toward him or had any desire for him to suffer pain and infection as a result of his tooth decay. On the contrary, Plaintiff was given prompt medical treatment when he initially complained in June of 2002. He suffered from this dental problem prior to being placed in the custody of the Wayne County facility.

Those copies of medical records which Plaintiff filed in his pleadings confirm his testimony that he was given frequent care for his teeth and for infection. Two doctors were consulted, x-rays were taken, and surgery was performed. Whether or not Plaintiff received this care in the time frame he believes to be suitable, or at the dentist's first recommendation, is the sole basis for the claim before the Court.

Deliberate indifference to a prisoner's serious medical needs constitutes an actionable Eighth Amendment violation under §1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). However, delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, *which results in substantial harm. Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993), citing *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (delay must constitute "deliberate indifference"); *Shapley v. Nevada Bd.*

*of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (delay must result in "substantial harm). Furthermore, the §1983 plaintiff must show that the defendants had a sufficiently culpable state of mind. *See Wilson v. Seiter*, 111 S.Ct. 2321, 2322 (1991) (at a minimum prisoner must allege deliberate indifference to serious medical needs); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989).

Additionally, as the Fifth Circuit has stated, "[d]eliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). The medical care received by a pretrial detainee may be deemed objectively unreasonable where jail officials act "with subjective deliberate indifference to the detainee's rights." *Nerren v. Livingston Police Dep't.*, 86 F.3d 469, 473 (5th Cir. 1996). *Nerren* further defined "subjective deliberate indifference" as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." *Id*.

In this case, Plaintiff was examined and/or treated for his dental problems by a dentist on *seven different occasions* from June 25, 2002, until his surgery on July 2, 2003. Plaintiff's only complaint is that the surgery was delayed: he does not deny that he was given frequent or adequate dental care. The Court finds that this regular treatment, which included pain medication and treatment when infection was present, prevents any finding of "subjective deliberate indifference" on the part of Defendant Walley or the Board of Supervisors. Obtaining treatment for Plaintiff by two dentists seven times during a one-year period negates any finding that Plaintiff was being mistreated. This is a case of *delayed medical care.* Plaintiff concedes that he suffered from no permanent injury once his teeth were removed; hence, the delay in his medical care did not result in "substantial

harm," as required to state a cause of action under § 1983. Plaintiff's dissatisfaction with the timing of the surgery does not render this a constitutional claim, even if the surgery was recommended earlier.

Plaintiff concedes that these Defendants provided medical care for Plaintiff which resolved his dental problems. His condition was pre-existing upon Plaintiff's arrival at the Wayne County Facility and was not caused by any jail conditions or lack of medical treatment provided by these Defendants. Since Plaintiff has failed to present an arguable constitutional claim against Defendant Walley or Defendant Board of Supervisors, his claims are frivolous[1] and fail to state a claim on which relief may be granted.

Defendants contend that they are entitled to qualified immunity from suit. "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). The immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 457 U.S. 335, 341 (1986). To overcome the immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right and whether the official's actions violated that right to the extent that an objectively reasonable person would have known. Id., omitting citation.

---

[1] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995)

As discussed above, Plaintiff's assertions in this case are only those of delayed treatment; Plaintiff has alleged no constitutional violation under the applicable law. Accordingly, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). Defendants are immune from this suit and should be dismissed.

THEREFORE, it is hereby ordered that this case is dismissed with prejudice, and a Final Judgment in favor of Defendants shall be entered on this date.

IT IS SO ORDERED, this the 11th day of June, 2009.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE